### GRAIN DRILL MANUF'RS Co. *v.* RUDE and others.

(*Circuit Court, D. Indiana.* January 24, 1885.)

PATENTS FOR INVENTIONS—GRAIN-DRILLS—CONSTRUCTION—INFRINGEMENT.
Letters patent No. 176,719, granted to J. M. Westcott, April 25, 1876; reissued patent No. 4,091, granted to Thomas and Mast, August 2, 1870; patent No. 66,578, granted to J. P. Fulgham; and reissued patent No. 6,274, granted to E. C. Patric, for improvements in grain-drills,—construed, and *held* not infringed.

In Equity.
*Wood & Boyd,* for complainants.

*Stem & Peck* and *Mr. L. Hill,* for defendants.

WOODS, J. The complainant is a corporation organized under the laws of Ohio, having its place of business at Dayton. The defendants are manufacturers, doing business at Liberty, Indiana. The original bill charged the infringement of letters patent No. 176,719, granted J. M. Westcott, April 25, 1876, for an improvement in grain-drills; letters patent No. 171,907, granted Edward Kuhns, January 4, 1876; reissued September 3, 1880, No. 9,066, and reissued letters patent No. 4,091, dated August 2, 1870, granted to Thomas and Mast, the original patent being dated August 3, 1869. These three patents cover the improvements in the seeding mechanism, and in what is called the "shifting-levers" used to throw the machine out of gear.

The defendants in their answer cited numerous anticipating devices, which they allege were the same in construction and mode of operation as the patented devices of complainant. The complainant, having obtained leave of court, filed its supplemental bill alleging the infringements of letters patent No. 66,578, granted J. P. Fulgham, July 9, 1867, for an improvement in grain-drills; also, letters patent No. 100,998, granted Fulgham, Davis, and Lawrence, March 22, 1870, and reissue No. 9,341, dated March 15, 1870, to the same parties; and reissue No. 6,274, granted C. E. Patric, February 2, 1875, the original patent being dated December 29, 1868. The patent to Edward Kuhns, and the last mentioned reissue to Fulgham and the Wayne County Agricultural Company, No. 9,341, have been withdrawn by the complainant.

The devices in controversy relate, first, to the method of constructing the seed-cup and seed-wheel, which is the subject-matter of the Westcott patent. The first mentioned patent, granted to Fulgham in 1867, is for a combined grass-seed and grain-drill. The first claim of reissue No. 4,091, and the first claim of the Patric reissue, (No. 6,274,) as well as the first claim of the Fulgham patent, (No. 100,998,) relate to improvements in shifting-levers. The reissue No. 4,091 relates to the conductors and swinging tubes embraced in the thirteenth, fourteenth, and fifteenth claims. These several patents, it was conceded in the argument, were duly assigned to the complainant before the commencement of the suit.

In view of the previous art, as shown in the record, my judgment is that the patents in question, in so far as they can be sustained at all, must be restricted to a narrow construction, practically excluding any claim of infringement on account of the use by defendants of alleged mechanical equivalents; and by this rule, as it seems to me, the bill is not sustained by the evidence, and should be dismissed.

Decree accordingly.